**F I L E D**
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**September 27, 2005**

**TENTH CIRCUIT**

**Clerk of Court**

JAMES HENRY MAXWELL, JR.,

            Petitioner - Appellant,

    v.

DENVER SHERIFF'S
DEPARTMENT; JOHN SUTHERS,
The Attorney General of the State of
Colorado,

            Respondents - Appellees.

No. 05-1149

(D. Colorado)

(D.C. Civ. No. 05-Z-71)

**ORDER**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

James Henry Maxwell pleaded guilty to one count of assault in Denver

County Court and received a suspended sentence of 240 days on August 23, 2004.

On January 7, 2005, he filed a *pro se* application under 28 U.S.C. § 2254 in the

United States District Court for the District of Colorado, alleging that (1) the state

court had not honored his plea agreement or informed him that it would not do so,

and (2) he had not received effective assistance of counsel in challenging his

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sentence. He had not filed a direct appeal of his conviction, and explained in his application that he would have completed his sentence by the time he had exhausted state remedies.

The magistrate judge ordered Mr. Maxwell to show cause why his application should not be denied for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1). In response Mr. Maxwell filed a "Motion to Show Cause" and a "Motion to Amend." The District Court considered those pleadings together as his response to the show-cause order.

In addition to renewing the substantive claims, the pleadings argued that his application should not be dismissed because he had not been given access to court records and transcripts related to his case, and he had been prevented from exhausting state-court remedies because the sheriff threatened him with "lock-down" if he attempted to contact the court. The district court denied his application and dismissed the action for failure to exhaust state remedies. It later denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA), based on "the record which conclusively shows that petitioner is entitled to no relief." R. Doc. 20 at 1. Mr. Maxwell now seeks a COA from this court. We deny the application for a COA.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In his application to this court, Mr. Maxwell reiterates his substantive claim and asserts that he attempted to exhaust state-court remedies by filing a claim in "Denver district court" that was apparently lost. Aplt. Br. at 4. To satisfy the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(A), however, an applicant "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes discretionary review by the state supreme court. *Id.* We construe Mr. Maxwell's application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even so, his statement is, at most, that he proceeded

only as far as the state district court.  Absent his seeking relief up to the Colorado Supreme Court, the exhaustion requirement is not satisfied.  This failure to exhaust state-law remedies constitutes a complete procedural bar to Mr. Maxwell's application.  Therefore, we cannot conclude that the district court's ruling would be debatable by reasonable jurists.

Because we find the procedural ruling of the district court not debatable, we need not reach the question whether Mr. Maxwell's substantive constitutional claim was itself debatable.  We DENY his application for a certificate of appealability.  We also DENY his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge
